# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31148
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2015

Lyle W. Cayce
Clerk

MICHAEL WAYNE GAHAGAN,

Plaintiff–Appellant,

v.

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1268

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Michael Wayne Gahagan, an immigration attorney, filed a Freedom of Information Act (FOIA) request with United States Citizenship & Immigration Services (USCIS) on behalf of a client in removal proceedings. After not receiving a timely response, he filed suit in federal district court. During the proceedings before the district court, USCIS released 436 pages of responsive

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

documents to Gahagan; thirty-three pages were redacted in full and stated only "Referred to Immigration and Customs Enforcement" (ICE). The district court subsequently entered judgment for USCIS, and Gahagan now appeals. Gahagan argues that judgment in favor of USCIS was improper because the thirty-three pages referred to ICE were improperly withheld under FOIA. However, after Gahagan filed his brief, USCIS filed a motion to supplement the record on appeal with new evidence, including additional FOIA disclosures made during the appeal, and alleged that ICE had released the thirty-three pages to Gahagan. In response, Gahagan filed a motion to vacate the order granting USCIS's motion to supplement.

USCIS urges that the appeal is now moot. Gahagan argues that the appeal is not moot because ICE partially redacted the thirty-three pages and the district court has not upheld the withholdings as lawful. He further challenges the fact that neither agency has produced an affidavit or *Vaughn*[1] index regarding the claimed exemptions to disclosure. He also raises concerns about the "*ex post facto* unverified declaration[]" of Fernando Pineiro, the Deputy FOIA Officer for ICE, which describes ICE's FOIA referral backlog and how ICE processes such referrals. The district court has not had the opportunity to view these materials or to consider the parties' ensuing arguments.[2] Accordingly, the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings. Gahagan's motion to vacate this court's order permitting supplementation of the record is DENIED.

---

[1] *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

[2] *See De la O v. Hous. Auth. of El Paso, Tex.*, 417 F.3d 495, 500 (5th Cir. 2005) (citing *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).