# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31029

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2016

MICHAEL W. GAHAGAN,

Lyle W. Cayce
Clerk

Plaintiff–Appellant,

versus

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1268

Before SMITH, BARKSDALE, and COSTA, Circuit Judges.

PER CURIAM:*

Michael Gahagan appeals a summary judgment in regard to his Freedom of Information Act ("FOIA") request. While this appeal was pending, the U.S. Citizenship & Immigration Services ("USCIS") informed the court that it had conducted a further search in response to Gahagan's request, which it was processing for disclosable material. Because that search could affect the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-31029

resolution, we vacate and remand for the district court to consider the results of the new search in the first instance.

I.

Gahagan, an immigration attorney representing a client in deportation proceedings, submitted a FOIA request seeking (1) copies of his client's immigration file ("A-file"), (2) electronic or handwritten notes written by any USCIS or Department of Homeland Security ("DHS") employee that related to the client's immigration applications, (3) all emails sent to or from any employee at USCIS's New Orleans Field Office that mentioned the client, and (4) all DHS, USCIS, and Immigration and Customs Enforcement ("ICE") materials regarding how employees are trained to respond to requests for an alien's A-file while he is in removal proceedings, pursuant to Section 240(c)(2) of the Immigration and Nationality Act.

When USCIS failed to make a determination regarding his request within the twenty-day statutory period under 5 U.S.C. § 552(a)(6)(A)(i), Gahagan sued to compel a response. During the course of litigation, USCIS produced various documents, though Gahagan maintains that USCIS has failed to respond fully. After the court had denied Gahagan's motion for summary judgment, had granted judgment *sua sponte* to USCIS, and further had rejected Gahagan's request for attorney's fees and costs, Gahagan appealed.

While that appeal was pending, ICE released thirty-three pages of material that had been referred to the agency by USCIS. We vacated and remanded so the district court could consider the newly released documents, which USCIS contended mooted Gahagan's appeal. *See Gahagan v. USCIS* (*Gahagan I*), 602 F. App'x 198 (5th Cir. 2015). On remand, the district court denied Gahagan's second and third motions for summary judgment and denied his renewed request for attorney's fees and costs, again granting judgment *sua*

No. 15-31029

*sponte* to USCIS.  Gahagan again appeals.

On May 23, 2016, two weeks before oral argument, USCIS filed a motion to remand, explaining that it had recently discovered that Kelly Keys, a USCIS employee in the New Orleans Field Office, "could not confirm he had conducted an electronic search using the A-file number of the individual referenced in Gahagan's 2014 FOIA request, as set forth in the August 8, 2014 declaration of Brian Welsh that is part of the record on appeal."  Thus, "[i]n an abundance of caution," USCIS decided to conduct an additional "electronic search on or about May 19, 2016," which "produced a limited amount of material that USCIS is now processing for any applicable FOIA exemptions."

USCIS requested remand because it acknowledged that its new "search, the results thereof, and the need to correct a prior declaration, could all bear upon the district court's evaluation of both the merits of Gahagan's suit, and his ability to recover attorney's fees under FOIA."  Gahagan opposed the motion, primarily claiming that remand would create further expense and protract the litigation.

## II.

We agree that remand is appropriate.  "As a general rule, 'any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot.'"[1]  Although the results of USCIS's latest search may not render the controversy moot, it could affect the disposition of Gahagan's claims.

The central issue on appeal was the adequacy of USCIS's search, and it is not unlikely that any new documents could affect the analysis in this regard.

---

[1] *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 527 (5th Cir. 2008) (quoting *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006)).

3

No. 15-31029

USCIS is also correct that its new search could bear on Gahagan's request for attorney's fees. Under the catalyst theory, a plaintiff is eligible for fees if he can show "a voluntary or unilateral change in position by the agency," demonstrating that he has substantially prevailed as a result of suit. 5 U.S.C. § 552(a)(4)(E)(ii)(II).[2]

Other issues could likewise be mooted by the results of the new search. Gahagan contends that USCIS failed to provide a sufficient *Vaughn* index. *See Vaughn v. Rosen*, 484 F.2d 820 (1973). Nonetheless, depending on the results of USCIS's latest search, it might be necessary for USCIS to release a new *Vaughn* index or update its existing ones. Similarly, Gahagan contends that the Welsh declaration was improperly admitted into evidence. Yet, if USCIS corrects the declaration as it has indicated, presumably the entire declaration will need to be readmitted into evidence. And, if we vacate, there is no need to decide whether the court erred by *sua sponte* entering judgment for USCIS.

Therefore, because we "will not generally consider evidence or arguments that were not presented to the district court," *Dunbar v. Seger-Thomschitz*, 615 F.3d 574, 576 (5th Cir. 2010), we leave to the district court the task of determining the impact of USCIS's latest search in the first instance. *Accord Gahagan I*, 602 F. App'x at 198–99. The motion to remand is GRANTED. The judgment is VACATED and REMANDED for proceedings as the district court decides are necessary. We express no view, and impose no limit, on the decisions the court is to make on remand.

---

[2] Whether USCIS's decision to conduct an additional search was the result of Gahagan's litigation we leave to the district court to evaluate.

4